Marc A. Karish
Karish & Bjorgum, PC
119 East Union Street – Suite B
Pasadena, California 91103
Phone: (213) 785-8070
Fax: (213) 995-5010
Email: marc.karish@kb-ip.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**SYMBOLOGY INNOVATIONS, LLC,**

**Plaintiff,**

**v.**

**23ANDME, INC.,**

**Defendant.**

**Civil Action No.:  3:20-cv-2828**

**TRIAL BY JURY DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.     Symbology Innovations, LLC ("Symbology" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against 23andMe, Inc. ("23andMe" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,424,752, titled "System and method for presenting information about an object on a portable electronic device" (the "'752 Patent"), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the United States

Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3.       Plaintiff Symbology Innovations, LLC is a Texas company with its

principal place of business at 1801 NE 123 Street – Suite 314, Miami, Florida 33181.

4.       On information and belief, Defendant 23andMe, Inc. is a corporation

organized under the laws of Delaware, having its principal place of business at 899

W. Evelyn Avenue, Mountain View, CA 94041- 2855. Defendant 23andMe may be

served via its registered agent Incorporating Services, Ltd. at 3500 South DuPont

Hwy. Dover, DE 19901.

## JURISDICTION AND VENUE

5.     This lawsuit is a civil action for patent infringement arising under the

patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-

matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6.     The Court has personal jurisdiction over Defendant for the following

reasons: (1) Defendant is present within or has minimum contacts within the State

of California and the Northern District of California; (2) Defendant has purposefully

availed itself of the privileges of conducting business in the State of California and

this district; (3) Defendant has sought protection and benefit from the laws of the

COMPLAINT FOR PATENT INFRINGEMENT - 2

State of California; and (4) Defendant regularly conducts business within the State of California and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this district.

7.      Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of California, and this district including but not limited to the products which contain the infringing '752 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of California and in this district; Defendant solicits and has solicited customers in the State of California and in this district; and Defendant has paying customers that are residents of the State of California and this district and that use and have used Defendant's products and services in the State of California and in this district.

8.      Venue is proper in the District of Northern California pursuant to 28 U.S.C. §§ 1400(b). Defendant is headquartered in this district, has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

COMPLAINT FOR PATENT INFRINGEMENT - 3

**PATENT-IN-SUIT**

9.     The Patent-in-Suit teaches systems and methods for enabling a portable electronic device (e.g., smartphone) to retrieve information about an object when the object's symbology (e.g. QR code) is detected.

10.     The invention disclosed in the Patent-in-Suit discloses inventive concepts that represent significant improvements in the art and are not mere routine or conventional uses of computer components.

**ACCUSED PRODUCTS**

11.     Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to certain products and services implementing QR code functionality as described in the Patent-in-Suit (collectively, the "Accused Products").

**COUNT I**
**(Infringement of U.S. Patent No. 8,424,752)**

12.     Plaintiff incorporates by reference the allegations of paragraphs 1-11, the same as if set forth herein.

13.     The '752 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 23, 2013. The '752 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

14.     Plaintiff is the owner by assignment of the '752 Patent and possesses

all rights of recovery under the '752 Patent, including the exclusive right enforce

the '752 Patent and pursue lawsuits against infringers.

15.    Without a license or permission from Symbology, Defendant has

infringed and continues to infringe on one or more claims of the '752 Patent—

directly, contributorily, and/or by inducement—by importing, making, using,

offering for sale, or selling products and devices that embody the patented invention,

including, without limitation, one or more of the patented '752 systems and methods,

in violation of 35 U.S.C. § 271.

**Direct Infringement**

16.    Defendant has been and now is directly infringing by, among other

things, practicing all of the steps of the '752 Patent, for example, through internal

testing, quality assurance, research and development, and troubleshooting. *See Joy

Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); see also 35 U.S.C. § 271

(2006). For instance, Defendant has directly infringed the Patent-in-Suit by testing,

configuring, and troubleshooting the functionality of QR codes on its products and

services.

17.    By way of example, Defendant has infringed and continues to infringe

at least one or more claims of the '752 Patent, including at least Claim 1. Attached

hereto as Exhibit B is an exemplary claim chart detailing representative infringement

of claim 1 of the Patent-in-Suit.

**Induced Infringement**

18.     Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '752 Patent in the State of California, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products affixed with QR codes that require the accused technology for intended functionality, testing, configuration, troubleshooting, and other utilization. End users include, for example, customers, customers' customers, retail store personnel, and other third-parties.

19.     Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

20.     The allegations herein support a finding that Defendant induced infringement of the '752 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016)("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without

COMPLAINT FOR PATENT INFRINGEMENT - 6

requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

## Contributory Infringement

21.     On information and belief, Defendant contributorily infringes on Symbology's '752 Patent. Defendant knew or should have known, at the very least with the filing of this complaint as a result of its freedom to operate analyses, that third parties, such as its customers, would infringe the '752 Patent by implementing Defendant's QR code technology.

22.     On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. See, e.g., *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial noninfringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

## Willful Infringement

23.     On information and belief, the infringement of the '752 Patent by Defendant has been and continues to be willful. Defendant has had actual knowledge of Symbology's rights in the '752 Patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, Defendant

had knowledge of the '752 Patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses.

## Plaintiff Suffered Damages

24.     Defendant's acts of infringement of the '752 Patent have caused damage to Symbology, and Symbology is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Symbology's exclusive rights under the '752 Patent will continue to damage Symbology causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

## REQUEST FOR RELIEF

25.     Symbology incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the '752 Patent;

(b)     enter a judgment awarding Symbology all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

COMPLAINT FOR PATENT INFRINGEMENT - 8

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '752 Patent

(d)     issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '752 Patent.

(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Symbology all other relief that the Court may deem just and proper.

Dated:  April 23, 2020                    Respectfully submitted,

                                          KARISH & BJORGUM, PC
                                          */s/ Marc A. Karish*
                                          Marc A. Karish
                                          119 East Union Street – Suite B
                                          Pasadena, California 91103
                                          Phone: (213) 785-8070
                                          Fax: (213) 995-5010
                                          Email: marc.karish@kb-ip.com

COMPLAINT FOR PATENT INFRINGEMENT - 9

Together with:

SAND, SEBOLT & WERNOW CO., LPA

Howard L. Wernow
(*Pro hac vice forthcoming*)
Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone: 330-244-1174
Fax: 330-244-1173
Howard.Wernow@sswip.com

**ATTORNEY FOR PLAINTIFF**